

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2004

# USA v. Bryant

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bryant" (2004). *2004 Decisions*. Paper 478.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/478

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 03-2091

UNITED STATES OF AMERICA

v.

ANTHONY BRYANT,
a/k/a NADIR BRYANT

Anthony Bryant,

<u>Appellant</u>

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00624)
District Judge: Hon. R. Barclay Surrick

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2004

BEFORE: RENDELL and COWEN, <u>Circuit Judges</u> and SCHWARZER*, <u>District Judge</u>

(Filed July 21, 2004)

OPINION

*Honorable William W Schwarzer, Senior United States District Judge for the Northern
District of California, sitting by designation.

COWEN, Circuit Judge

Anthony Bryant appeals his conviction and sentence following a jury trial in which he was found guilty on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e).  Bryant's counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying the absence of any non-frivolous issues on appeal.  We have jurisdiction under 28 U.S.C. § 1291.  Because we find that counsel has adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a) and that an independent review of the record reveals no non-frivolous issues, we will dismiss Bryant's appeal and grant defense counsel's separately filed motion to withdraw.

On May 31, 2001, Bryant was observed by four non-uniformed Philadelphia police officers engaging another man in what one of the officers described as a drug transaction involving the controlled substance codeine.[1]  During the transaction, the officers observed Bryant displaying a handgun to the other man.  Three of the officers exited the unmarked police vehicle in which the four had been traveling and approached Bryant on foot, while the remaining officer approached Bryant in the vehicle from the opposite direction. Bryant walked over to the car, at which point the officer in the vehicle drew his weapon and tried to effectuate an arrest.  Bryant fled, but was intercepted by two of the three other officers on foot.  Upon searching Bryant, the officers discovered four vials of purple

---

[1]The officers observed Bryant displaying a clear vial containing purple liquid, which one officer suspected was cough syrup containing codeine.

2

liquid and a handgun.

A grand jury in the Eastern District of Pennsylvania returned an indictment charging Bryant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). The indictment gave notice pursuant to 18 U.S.C. § 924(e) that Bryant had been convicted of three previous state felonies involving five separate robberies. Bryant moved unsuccessfully to suppress the physical evidence of the handgun, and elected to go to trial. After a three-day trial commencing on June 17, 2002, the jury returned a guilty verdict on the single count in the indictment. The District Court denied Bryant's post-verdict motions for judgment of acquittal, new trial, and leave to supplement his post-verdict motions.

In preparation for Bryant's sentencing hearing, the United States Probation Department issued a revised presentence investigation report in which it determined that Bryant was subject to the enhanced provisions of the armed career criminal guideline set forth in U.S.S.G. § 4B1.4. The report calculated Bryant's guideline offense level at 33 with a criminal history in category VI. Bryant objected to these findings and moved for a downward departure. At the sentencing hearing, Bryant was sentenced to 235 months imprisonment (the bottom of the applicable guideline range). The District Court denied Bryant's objections to the presentence report and motion for downward departure.

We exercise plenary review in determining, "after a full examination of all the proceedings," whether an appeal is wholly frivolous. See Anders, 386 U.S. at 744. Our

3

inquiry is twofold. First, we must determine whether counsel's brief adequately fulfills the requirements of Third Circuit Local Appellate Rule 109.2(a). United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's obligations in this regard are "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "to explain why the issues are frivolous." Id. Second, we must satisfy ourselves that an independent review of the record reveals no non-frivolous issues. Id. Where an Anders brief appears adequate on its face, we confine our review to those parts of the record identified in the brief, along with any issues raised by an appellant in a pro se brief.[2] Id. at 301.

We are satisfied that counsel's Anders brief demonstrates a thorough examination of the record. Counsel identifies six putative errors by the District Court: (1) its denial of Bryant's motion to suppress the physical evidence of the handgun, (2) its failure to permit the defense to review a report on one of the testifying officers by the Internal Affairs Division of the Philadelphia Police Department, (3) its refusal to issue a missing witness instruction to the jury, (4) its refusal to grant Bryant's motion for a downward departure based on acceptance of responsibility, (5) its application of enhanced penalties under 18

---

[2]Bryant filed a document entitled "Appellant's Pro Se Submission to Ander's Brief with Request for New Counsel." It raised only claims of ineffective assistance of counsel, which "are not generally entertained on direct appeal." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). "[T]he proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." Id. (quoting United States v. Theodoropoulo, 866 F.2d 587, 598 (3d Cir. 1989)).

4

U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and (6) its refusal to depart downward based upon the theory that the application of U.S.C. § 924(e) and U.S.S.G. § 4B1.4 would "overstate" Bryant's criminal history. Counsel discusses these issues at some length, with detailed citation to the record, and explains the legal basis for his belief that each issue is meritless. We agree with counsel's assessment that this was a relatively straightforward case, and find that counsel has adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a).

Nor does our own review of the issues raised in counsel's brief demonstrate that there are any non-frivolous issues to be raised on appeal. We agree with counsel that the District Court was acting within its discretion in making the factual findings underlying its decision to deny Bryant's motion to suppress and in denying Bryant's evidentiary request to inspect the internal affairs report. We also agree that there was no legal basis for the District Court to deliver the missing witness instruction, and that the District Court did not err in denying a downward adjustment for acceptance of responsibility where Bryant elected to proceed to trial and later claimed that he had "never denied" possessing the handgun. We have reviewed Bryant's arguments with regard to the applicability of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 (including the pro se arguments Bryant advanced at sentencing) and agree with counsel that the District Court resolved them correctly. Finally, we agree that the District Court did not abuse its discretion in refusing to depart downward and finding that Bryant's criminal history was not overstated because of his

5

problems with drug addiction.

We conclude that counsel's brief satisfies the requirements of <u>Anders</u>, and that an independent review of the record reveals no non-frivolous issues that could be raised on appeal. Accordingly, we will dismiss Bryant's appeal and grant counsel's separately filed motion to withdraw.